NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KABOU S., <br><br> Petitioner, <br><br> v. <br><br> CHARLES GREEN, <br><br> Respondent. | Civil Action No. 18-8452 (JLL) <br><br><br> **OPINION** |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Kabou S.,[1] filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition. (ECF No. 4). Petitioner did not file a reply. Following an order from this Court, the Government filed a supplemental response, (ECF No. 6), to which Petitioner has not replied. For the following reasons, this Court will deny the petition without prejudice.

## I.     BACKGROUND

Petitioner is a native and citizen of Gambia who attempted to enter the country at Hidalgo, Texas, in January 2017. (ECF No. 4-1 at 2). Because Petitioner was not clearly entitled to entry but expressed a fear of return to his home country, Petitioner was taken into custody without being admitted to the United States and has remained in custody since January 28, 2017, while litigating removal proceedings. (*Id.*). After Petitioner was found to have a credible fear of removal by an

---

[1] Given the privacy concerns which arise out of the sensitive information contained in the filings in this immigration habeas matter, the Court will refer to Petitioner only by his first name and last initial in this opinion and the accompanying order.

asylum officer, his matter was referred to an immigration judge for removal hearings at which Petitioner sought both relief from removal under the Convention Against Torture and withholding of removal. (*Id.*). On March 15, 2018, Petitioner's applications for relief from removal were denied by an immigration judge and Petitioner was ordered removed to Gambia. (*Id.* at 3). Petitioner appealed, and the Board of Immigration Appeals dismissed his appeal on August 28, 2018. (ECF No. 6 at 5–8). Nothing in the current record suggests that Petitioner has filed a petition for review with the Third Circuit, and there is no indication in the record that Petitioner has sought, let alone received, a stay of removal from the Third Circuit. (ECF No. 6 at 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his petition, Petitioner contended that he had been held overlong pursuant to 8 U.S.C. § 1226(c), and that his detention without a bond hearing therefore violated his rights to Due Process. Because Petitioner was not removed as a criminal alien but was instead detained as an arriving

alien applicant for admission, Petitioner at the time he filed his petition was instead detained pursuant to 8 U.S.C. § 1225(b). *See, e.g., Jennings v. Rodriguez*, 128 S. Ct. 830, 842–47 (2018). In any event, because Petitioner is now subject to a final order of removal and has not received a stay of that order from the Court of Appeals, he is now clearly detained pursuant to 8 U.S.C. § 1231(a). *See* 8 U.S.C. § 1231(a); *Leslie v. Att'y Gen.*, 578 F.3d 265, 268–70 (3d Cir. 2012) (stating that § 1231 governs the detention of aliens subject to a final order of removal not subject to a stay of removal). The propriety of Petitioner's detention is therefore controlled by the Supreme Court's decision in *Zadvydas*.

> As the Supreme Court has recently reiterated,
>
> > Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue. (Emphasis added).
> >
> > In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonable necessary to secure removal," [533 U.S. at 699,] and it further held that six months is a presumptively reasonable period, *id.* [at 701.] After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings*, 138 S. Ct. at 843. Pursuant to *Zadvydas*, then, a challenge to detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as prematurely filed. *Id.*; *Zadvydas*, 533 U.S. at 701.

In this matter, Petitioner received his final order of removal less than one month ago when the Board of Immigration Appeals dismissed his appeal from his order of removal on August 28, 2018. Petitioner is thus well within the ninety-day removal period during which his detention is

3

mandatory, and his detention has yet to crest the six-month presumptively reasonable period. Petitioner's challenge to his detention must therefore be denied as the Court is required to presume that his continued detention pursuant to § 1231(a) is reasonable, and therefore constitutionally permissible, at this time. *Zadvydas*, 533 U.S. at 701.

### III. CONCLUSION

For the reasons stated above, this Court will deny Petitioner's habeas petition without prejudice. An appropriate Order follows this Opinion.

Dated: September 19th, 2018.

JOSE L. LINARES
Chief Judge, United States District Court